PATRICK C. MCGARRIGLE, ESQ., SBN 149008
PHILIP A. ZAMPIELLO, ESQ., SBN 198723
McGARRIGLE, KENNEY & ZAMPIELLO, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
PH: (818) 998-3300   FAX: (818) 998-3344

Attorneys for Creditors/Plaintiffs
Gregory Benedict and Patricia Scialampo

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>BRYAN D. MARSDEN,<br><br><br>Debtors<br><br>_____<br><br>GREGORY BENEDICT; PATRICIA SCIALAMPO,<br><br>            Plaintiff,<br><br>    v.<br><br>BRYAN D. MARSDEN; and DOES 1 through 100, inclusive,<br><br>            Defendants.<br>_____ | Case No. 6:11-bk-31968-WJ<br><br>Adversary Case No: _____<br><br>**COMPLAINT OF PLAINTIFFS GREGORY BENEDICT AND PATRICIA SCIALAMPO:**<br><br>**(1) FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT (11 U.S.C. Section 523(a)(2)**<br><br>**(2) FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT (11 U.S.C. Section 523(a)(6)** |

1

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

8907-001\pldg\AdversaryComplaint.001

Plaintiffs Gregory Benedict and Patricia Scialampo ("**Plaintiffs**"), allege as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding to determine, among other things, the dischargeability of a debt pursuant to Bankruptcy Rules 4004, 4007, and 7001.

2. This Adversary Proceeding is one arising under Case No. 6:11-bk-31968-WJ filed under Chapter 7 of Title 11 on July 6, 2011, now pending in this Court. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 523. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(H), (I) & (J). Pursuant to Bankruptcy Rule 7008, Plaintiff states that this proceeding is core. The Bankruptcy Court may hear and determine all cases under Title 11 and all core proceedings arising under exceptions to discharge under 11 U.S.C. Section 523 and may enter appropriate orders and judgments, subject to review under 11 U.S.C. Section 158.

### PARTIES

3. Plaintiffs Gregory Benedict and Patricia Scialampo are individuals over the age of eighteen and residents of the County of Orange, State of California.

4. Defendant Bryan D. Marsden ("**Marsden**") is an individual, whose principal residence is in San Bernardino County, California.

### GENERAL ALLEGATIONS

5. On approximately November 18, 2009, Plaintiffs and Marsden entered into a written Home Improvement Contract ("**Contract**").

6. The Contract required that Marsden to provide certain labor and materials (among other things) in connection with improvements at and to the property located at B42 Surfside Avenue, Surfside, California (the "**Property**"). Plaintiffs and Marsden agreed to a contract price of $339,140.00 to be paid by Plaintiffs conditioned upon and in exchange for Marsden's performance of all labor and construction work and the

installation of all materials and supplies at the Property in a good and workmanlike manner (within the standard of care for licensed contractors for this type of Property and work in California), that all billings presented by Marsden would be truthful and that Marsden would promptly refund any overpayments made by Plaintiffs to Plaintiffs for labor and materials and construction work billed for but not provided by Marsden. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and is incorporated fully herein by this reference.

7. In reliance on Marsden's representations, Plaintiffs paid Marsden approximately $450,000.00 for Marsden's excessive purported fees, materials, and furnishings between October 9, 2009 and December 2, 2010.

8. Plaintiffs are informed and believes, and on that basis allege, Marsden has deliberately and egregiously overbilled Plaintiffs for materials, fees and labor as part and parcel of Marsden's fraudulent scheme. Contrary to the Agreement and the Marsden's representations, Marsden misrepresented the percentage of the work completed (which Marsden had billed Plaintiff for), overbilled Plaintiffs and received pre-payments/overpayments, and failed to refund the pre-payments/overpayments to Plaintiffs after their demand therefor, all in breach of the Agreement. Marsden further breached the Agreement by failing to competently and within the standard of care complete certain components of the construction and renovation work at the Property and abandoning the project.

9. Marsden's representations, oral and written, were false and fraudulent, were so when they were made and were intended to deceive Plaintiffs. The true facts were that Marsden, while overbilling Plaintiff for purported labor, materials and furnishings, Marsden knowingly prepared false invoices and made demands for labor and materials and related construction work not completed at the time of the demands nor completed promptly thereafter, with the intent that Plaintiffs rely thereupon and pay substantial funds to said Marsden. In reliance upon Marsden's false representations, Plaintiffs paid sums of money Marsden claimed were due pursuant to the Agreement and

3

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

Main Document    Page 4 of 8

1  invoices, which resulted in overpayments by Plaintiff to Marsden of at least $400,000.00.

2  10.  Had Plaintiffs known the actual facts, Plaintiff would not have made payments to Marsden or entered into the Contract.

### FIRST CAUSE OF ACTION

### (11 U.S.C. Section 523(a)(2): False Representations Against Debtor)

11.  Plaintiffs refer to, reallege and incorporate by reference paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth herein.

12.  Based upon these false representations made by Marsden, Plaintiffs entered into the Contract and were induced to and did continue to make payments to Marsden. At the time the representations were made by Marsden he knew the representations to be false and made the representations with the intent to deceive the Plaintiffs. Plaintiff were ignorant of the falsity of the representations, believed them to be true, and relied on the representations of Marsden. Had Plaintiffs known the truth, Plaintiffs would not have agreed to retain Marsden and would not have made and continued to make payments to him. Plaintiffs' reliance upon the misrepresentations were justified because of Marsden's superior knowledge and experience in the industry and repeated reassurances to Plaintiffs.

13.  In the event that the allegations of Plaintiffs against Marsden are adjudicated to be true, Plaintiffs are entitled to and request a determination and judgment of nondischargeability of the debts owed by Marsden to Plaintiffs.

14.  Marsden has no defenses, claims, rights, or offsets of any kind to the non-dischargeable nature of his conduct and the debt.

15.  The aforementioned conduct by Marsden constitutes a debt "for property...obtained by false pretenses, a false representation" by the Debtor within the meaning of 11 U.S.C. Section 523(a)(2).

### SECOND CAUSE OF ACTION

### (11 U.S.C. Section 523(a)(6): Willful and Malicious Injury Against Debtor)

16.  Plaintiff refers to, realleges and incorporates by reference paragraphs 1 through 15 of this Complaint as though fully set forth herein.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
8907-001\pldg\AdversaryComplaint.001

17. Plaintiffs paid Marsden over $450,000.00 pursuant to the Contract and change orders. Marsden misrepresented the percentage of the work completed (which Marsden had billed Plaintiff for), overbilled Plaintiffs and received pre-payments/overpayments, and failed to refund the pre-payments/overpayments to Plaintiffs after their demand therefor, all in breach of the Agreement. Marsden's representations in this regard were false and were made to fraudulently induce Plaintiffs to continue to make payments to Marsden.

18. Plaintiffs demanded that Marsden refund the payments made by Plaintiffs, but Marsden has failed and refused to do so.

19. Marsden's acts were wilful and malicious and were intended to injure Plaintiffs by depriving Plaintiffs their money and property.

20. Marsden has no defenses, claims, rights, or offsets of any kind to the non-dischargeable nature of his conduct and the debt.

21. As a result of Marden's wilful and malicious conduct, Plaintiffs' debt should be adjudicated non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

**WHEREFORE**, Plaintiffs pray for judgment on the Complaint as follows:

1. For exception of discharge of Marsden's debt to Plaintiff and Judgment in favor of Plaintiffs in the amount as may be proven at trial;

2. For this Court to deny the discharge of Debtor for any or all of the facts as proven that support the afore-pled causes of action;

3. For attorneys' fees and costs as are available under Federal and State law; and

4. For such other and further relief as the Court deems just and proper.

Date: October 12, 2011    McGARRIGLE, KENNEY & ZAMPIELLO, APC

By: _____
Patrick C. McGarrigle
Philip A. Zampiello
Attorneys for Plaintiffs

5

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**

8907-001\pldg\AdversaryComplaint.001

# Exhibit A

SF 2010 10294

St. Lic. 719367

# SKYLINE CONSTRUCTION
5454 E. Parkcrest Street, Long Beach, CA 90808

**NOT APPLICABLE TO SWIMMING POOLS OR SPAS**

## HOME IMPROVEMENT CONTRACT
*(Complies with Section 7159 of California Business and Professions Code, as amended)*

**THIS AGREEMENT BETWEEN:**

BRYAN D. MARSDEN
(Contractor's Name)

St. Lic. #719367
(Contractor's License Number)

5454 E. Parkcrest Street
(Contractor's Address)

Long Beach, CA 90808
(City, State & Zip)

(562) 497-4583
(Telephone-FAX)

Gregory Benedict
Patricia Scialampo
(Owner's Name)

Surfside B42
(Owner's Home Address)

P.O. Box 478 Surfside, CA
(City, State & Zip) 90743

16222 Surfside Ave
(Owner's Business Address)
(City, State & Zip)

**CONSTRUCTION LENDER:** Name and address of construction fund holder is: N/A

(Name And Branch Address Of Bank, Savings And Loan Assn., Escrow Agent, Joint Control Or Other)

**DESCRIPTION OF PROJECT:** (including materials and equipment to be used or installed): Contractor will furnish all labor, materials and equipment to construct in a good workmanlike manner: New Addition, Approx 1200 Sq. Ft. Complete Remodel, less Master Bed/Bath. See per Estimate # E181 Please Refer to E181 For exact

**WORK TO BE PERFORMED AT:** Surfside, 16222 Unit B42
(Legal Description And Street Address If Known)

**TIME FOR COMPLETION:** The work to be performed by Contractor pursuant to this Agreement shall be commenced within ___ ( ) days from this date or approximately on (Date): 11/30/2009 and shall be substantially completed within ___ ( ) days or approximately on (Date): 6/30/2010

Commencement of work shall be defined as Design, Demo etc
(Briefly Describe Type Of Work Representing Commencement)

Contractor's failure to substantially commence work without lawful excuse, within twenty (20) days from the date specified above is a violation of the Contractors' License Law.

**PAYMENT:** Owner agrees to pay Contractor a total cash price of $ 339,140.00 Down payment (if any) $ 10% at start
339,140.00 (By California law cannot exceed $1,000.00 or 10% of contract price, whichever is lesser.)

Should contract call for a salesman's commission to be paid out of contract price, said payment shall be made by dispersing party to the contractor, per Section 7159(e)

Payment schedule as follows:

| $ | WHEN | $ | WHEN |
|---|---|---|---|
| $ | See Attached Draw Schedule | $ | |
| $ | # 1149 | $ | |
| $ | | $ | |

Upon satisfactory payment being made for any portion of the work performed, the contractor shall, prior to any further payment being made, furnish to the person contracting for the home improvement or swimming pool a full and unconditional release from any claim or mechanic's lien pursuant to Section 3114 of the California Civil Code, for that portion of the work for which payment has been made.

ALLOWANCES. The following items or specific prices, as indicated are included in the contract price as allowances. The contract price shall be adjusted upward or downward based on actual amounts rather than estimated amounts herein. See E181 for Allowances

"ARBITRATION OF DISPUTES: ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATED TO THIS CONTRACT, OR THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE CONSTRUCTION INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. CLAIMS WITHIN THE MONETARY LIMIT OF THE SMALL CLAIMS COURT SHALL BE LITIGATED IN SUCH COURT AT THE REQUEST OF EITHER PARTY, SO LONG AS BOTH PARTIES LIMIT THEIR RIGHT TO RECOVERY TO THE JURISDICTION OF THE SMALL CLAIMS COURT. ANY CLAIM FILED IN SMALL CLAIMS COURT SHALL NOT BE DEEMED TO BE A WAIVER OF THE RIGHT TO ARBITRATE, AND IF A COUNTER CLAIM IN EXCESS OF THE JURISDICTION OF THE SMALL CLAIMS COURT IS FILED IN THE MUNICIPAL OR SUPERIOR COURT, THEN THE PARTY FILING IN SMALL CLAIMS COURT MAY DEMAND ARBITRATION PURSUANT TO THIS PARAGRAPH.

NOTICE. BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE BUSINESS AND PROFESSIONS CODE OR OTHER APPLICABLE LAWS. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.

WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION.

I (WE) AGREE TO ARBITRATION. INITIAL BM  INITIAL GB

You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. Or if this is a contract for the repair of damages resulting from an earthquake, flood, fire, hurricane, riot, storm, tidal wave, or other similar catastrophic occurrence, for which a state of emergency has been declared, you the buyer may cancel this transaction at any time prior to midnight of the seventh business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right. Contractors are required by law to be licensed and regulated by the Contractors' State License Board which has jurisdiction to investigate complaints against contractors if a complaint regarding a patent act or omission is filed within four years of the date of the alleged violation. A complaint regarding a latent act or omission pertaining to any structural defects must be filed within 10 years of the date of the alleged violation. Any questions concerning a contractor may be referred to the Registrar, Contractors' State License Board, P.O. Box 26000, Sacramento, California 95826, 1-800-321-2752.

You, the owner or tenant have the right to require the contractor to have a performance and payment bond.

Firm Name: Skyline Const
(Contractor's Firm Name, If Any)
Date: 11/6/09

Name and State Registration Number of any salesman who solicited or negotiated this contract:

By: Bryan D. Marsden
Signature: BM
(Contractor Or Agent Sign Here)

Owner: Gregory Benedict
Date:

Owner: [signature]
(If More Than One Owner, Must Sign Here)
Date: 11-18-09

**TERMS AND CONDITIONS:** The terms and conditions on the reverse side are expressly incorporated into this Agreement.

White - Owner        Canary - Contractor        Pink - Construction Lender

# TERMS AND CONDITIONS

**1. Changes in the Work.** Should the Owner, construction lender, or any public body or inspector direct any modification or addition to the work covered by this contract, the contract price shall be adjusted accordingly.

Modification or addition to the work shall be executed only when a Contract Change Order has been signed by both the Owner and the Contractor. The change in the Contract Price caused by such Contract Change Order shall be as agreed to in writing, or if the parties are not in agreement as to the change in Contract Price, the Contractor's actual cost of all labor, equipment, subcontracts and materials, plus a Contractor's fee of ____ % shall be the change in Contract Price. The Contract Change Order may also increase the time within which the contract is to be completed.

Contractor shall promptly notify the Owner of (a) subsurface or latent physical conditions at the site differing materially from those indicated in the contract, or (b) unknown physical conditions differing materially from those ordinarily encountered and generally recognized as inherent in work of the character provided for in this contract. Any expense incurred due to such conditions shall be paid for by the Owner as added work.

**2. Owner's Responsibilities.** The Owner is responsible to supply water, gas, sewer and electrical utilities unless otherwise agreed to in writing. Electricity and water to the site is necessary.

Owner agrees to allow and provide Contractor and his equipment access to the property.

The Owner is responsible for having sufficient funds to comply with this agreement.

This is a cash transaction unless otherwise specified.

The Owner is responsible to remove or protect any personal property and Contractor is not responsible for same or for any carpets, drapes, furniture, driveways, lawns, shrubs, etc.

The Owner will point out and warrant the property lines to Contractor.

**3. Delays.** Contractor agrees to start and diligently pursue work through to completion, but shall not be responsible for delays for any of the following reasons: failure of the issuance of all necessary building permits within a reasonable length of time, funding of loans, disbursement of funds into control or escrow, acts of neglect or omission of Owner or Owner's employees or Owner's agent, acts of God, stormy or inclement weather, strikes, lockouts, boycotts or other labor-union activities, extra work ordered by Owner, acts of public enemy, riots or civil commotion, inability to secure material through regular recognized channels, imposition of Government priority or allocation of materials, failure of Owner to make payments when due, or delays caused by inspection or changes ordered by the inspectors of authorized Governmental bodies, or for acts of independent Contractors, or other causes beyond Contractor's reasonable control.

**4. Plans and Specifications.** If plans and specifications are prepared for this job, they shall be attached to and become a part of the Agreement. Contractor will obtain and pay for all required building permits, but Owner will pay assessments and charges required by public bodies and utilities for financing or repaying the cost of sewers, storm drains, water service, other utilities, water hook-up charges and the like.

**5. Subcontracts.** The Contractor may subcontract portions of this work to properly licensed and qualified subcontractors.

**6. Taxes and Assessments.** Taxes and assessments of all descriptions will be paid for by Owner.

**7. Completion and Occupancy.** Owner agrees to sign and record a notice of completion within five days after the project is complete and ready for occupancy. If the project passes final inspection by the public body but Owner fails to record Notice of Completion, then Owner hereby appoints Contractor as Owner's agent to sign and record a Notice of Completion on behalf of Owner.

This agency is irrevocable and is an agency coupled with an interest. In the event the Owner occupies the project or any part thereof before the Contractor has received all payment due under this contract, such occupancy shall constitute full and unqualified acceptance of all the Contractor's work by the Owner and the Owner agrees that such occupancy shall be a waiver of any and all claims against the Contractor.

**8. Insurance and Deposits.** Owner will procure at his own expense and before the commencement of any work hereunder, fire insurance with course of construction, vandalism and malicious mischief clauses attached, such insurance to be a sum at least equal to the contract price with loss, if any, payable to any beneficiary under any deed of trust covering the project, such insurance to name the Contractor and his subcontractors as additional insured, and to protect Owner Contractor and his subcontractors and construction lender as their interests may appear; should Owner fail to do so, Contractor may procure such insurance as agent for and at the expense of Owner, but is not required to do so. If the project is destroyed or damaged by disaster, accident or calamity, such as fire, storm, earthquake, flood, landslide, or by theft or vandalism, any work done by the Contractor rebuilding or restoring the project shall be paid by the Owner as extra work.

Contractor shall carry Worker's Compensation Insurance for the protection of Contractor's employees during the the progress of the work. Owner shall obtain and pay for insurance against injury to his own employees and persons under Owner's discretion and persons on the job site at Owner's invitation.

**9. Right to Stop Work.** Contractor shall have the right to stop work if any payment shall not be made, when due to Contractor under this agreement. Contractor may keep the job idle until all payments due are received. Such failure to make payment, when due, is a material breach of this Agreement.

**10. Clean Up.** Contractor will remove from Owner's property debris and surplus material created by his operation and leave it in a neat and broom clean condition.

**11. Limitations.** No action of any character arising from or related to this contract, or the performance thereof, shall be commenced by either party against the other more than two years after completion or cessation of work under this contract.

**12. Compliance with Laws.** In connection with the performance by Contractor of his duties pursuant to this Agreement, Contractor shall obtain and pay for all permits and comply with all federal, state, county and local laws, ordinances and regulations.

**13. Attorney Fees.** In the event that there is any litigation or an arbitration arising out of this Agreement, then the prevailing party shall be entitled to its reasonable attorneys fees and costs.

**14. Validity and Damage.** In case one or more of the provisions of this Agreement or any application thereof shall be invalid, unenforceable or illegal, the validity, enforceability and legality of the remaining provisions and any other applications shall not in any way be impaired thereby.

Any damages for which Contractor may be liable to Owner shall not, in any event, exceed the cash price of this contract.

**15. Asbestos and Hazardous Waste.** Unless the contract specifically calls for the removal, disturbance, or transportation of asbestos or other hazardous substances, the parties acknowledge that such work requires special procedures, precautions and/or licenses. Therefore, unless the contract specifically calls for same, if Contractor encounters such substances, Contractor shall immediately stop work and allow Owner to obtain a duly qualified asbestos and/or hazardous material contractor to perform the work or do the work himself at Contractor's option. Said work will be treated as an extra under this contract.

**16. Special Provisions:** _____

_____

_____

_____

_____

_____

_____

Consult a lawyer if you doubt the form's fitness for your purpose and use.